

411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-4497
Tel 414.277.5000
Fax 414.271.3552
www.quarles.com

*Attorneys at Law in:*
*Phoenix and Tucson, Arizona*
*Naples, Florida*
*Chicago, Illinois*
*Milwaukee and Madison, Wisconsin*

Writer's Direct Dial: 414.277.5119
E-Mail: walt.skipper@quarles.com

April 15, 2010

### VIA ELECTRONIC MAIL & DHL EXPRESS

Mr. Edward O'Neill
156 St. Attracta Road
Cabra, Dublin 7
Republic of Ireland

Dear Mr. O'Neill:

We have been retained by and represent Lisa Del Campo, the Managing Director of GAIA Investment Services, LLC as well as GAIA Investment Services LLC (together, "Del Campo"). With respect to this letter and its contents, please direct future communications to our attention. This letter is a follow-up on several phone calls we have had over the last few weeks.

On or about November 28, 2008, you entered into an agreement with Birlesik Petrol A.S./United Petroleum and others (collectively "BPAS") on behalf of MDM Oil Ltd. and associates (collectively "MDM"), to resolve issues relating to commission payments due to MDM (the "Commission Agreement"). Such commissions arose out of certain purchases of "D2 fuel oil" by BPAS from OAO Gazprom and NIB Services Ltd. and others.

As described in Paragraph 1 of the Commission Settlement Agreement, the sum of $300,000,000 was accepted by you as an accord for all commissions otherwise due to MDM. This sum was intended to serve as compensation for each of the nine beneficiaries (the "Beneficiaries") who generated the commissions through their consulting and other services including, without limitation, Del Campo.

On or about December 9, 2008, you advised the Beneficiaries that you had caused $41,223,000 to be disbursed to third-parties and that the Beneficiaries should expect the remainder -- $258,777,000 (the "Funds") -- to be immediately divided between them. More specifically, the Beneficiaries were told that you had arranged for the Funds to be wired to "IFN CPA LTD of Chicago Illinois," the "Paymaster" representing all of the Beneficiaries, in accordance with the terms of the Sub Fee Distribution Agreement (the "Distribution Agreement").

QB\9912391.7

Mr. Edward O'Neill
April 15, 2010
Page 2

  The Paymaster never received the Funds. While you promised and represented (at the time) that the Funds had in fact been wired, you refused to provide information sufficient to permit the Beneficiaries to cooperate with the Paymaster and confirm your claim. Following nearly a year of fruitless attempts by the Beneficiaries to track the Funds, you advised that the United States Department of the Treasury had "found" the Funds in November of 2009, and they would be disbursed before the end of the year. Unfortunately for the Beneficiaries, this never happened.

  You said in late 2009 and all the way to the present date, that the Funds were in a "holding account" at PKB Privatbank AG or its affiliates, in Lugano, Switzerland, and other locations. You provided one Beneficiary with the name of your supposed representative at PKB Privatbank AG/ Mr. Lucas Sonicio -- though this information was, for some reason, not to be disclosed to the remaining Beneficiaries. While you claim to have executed documents necessary for release of the Funds by PKB Privatbank AG, during a meeting in Dublin in February of 2010, you have ignored the Beneficiaries' demands to provide such documentation.

  You have within the past twenty days on repeated occasions told the beneficiaries that the $258,777,000 US of funds have been transferred from the holding account to an account specifically in your name at PKB Privatbank AG in Zurich, Switzerland and that you intend to take one ninth of the funds for yourself, and sign documents turning the rest of the funds over to the control of PKB Privatbank AG, leaving the Beneficiaries to then fend for themselves in dealing with the bank.

  While some Beneficiaries were advised, after your February meeting with the banker, that the Funds would be available within days, and that your associate - whom you have identified as "Carlos Jesus Navarro" was assisting you in this matter - your promised action has not occurred.

  We understand that you have by e-mail by March 23, 2010 threatened to take some or all the funds with another beneficiary, Matthew Hinds of London England and deprive the other Beneficiaries of their rightful share of the proceeds. We also understand that there are other e-mails and telephonic communications making threats to the Beneficiaries by you to deprive some and, on occasion, some of the beneficiaries of their lawful share of the fund proceeds related to this matter.

  We understand that two of the Beneficiaries traveled to Zurich, Switzerland awaiting your arrival so that they could meet and deal directly, for their interests, with the banker whom you refuse to reveal, along with other relevant information. You refused to meet with them and continue to withhold requested information. As a fiduciary, you cannot withhold such information until you get your money ahead of the other Beneficiaries.

  On Thursday April 8, 2010 you stated that your share of the funds had in fact been wired to your account and that they should arrive no later than April 15, 2010 at which time you would release the information requested by the beneficiaries. You have, despite repeated requests not provided evidence that said wire was ever made, and furthermore have not provided any

QB\9912391.7

Mr. Edward O'Neill
April 15, 2010
Page 3

information to the beneficiaries that would enable them to collect their rightful share of the proceeds. You have informed one of the beneficiaries this morning that the funds had still not arrived.

It is clear that you have apparently no intention of honoring your obligations to the Beneficiaries as required by the Distribution Agreement and the funds entrusted to you. As such, it is the intention of Del Campo to begin to initiate whatever processes as may be determined on April 19, 2010 and take any necessary action, against you and any others assisting you, unless you take the following measures:

- No later than 2:00 PM Central Standard Time, USA, on Monday, April 19, 2010, you must provide us, by e-mail message and facsimile, with credible documentation describing: (i) the name, address, and contact information for whatever institution presently holds the Funds; (ii) the name and contact information (including telephone and e-mail) for the institution's officer who is knowledgeable and responsible for the Funds; and (iii) the name and contact information (including telephone and e-mail) for the general counsel of the institution. If we do not hear from you by 2:00 PM, we will directly contact the bank and any other authorities, individuals, entities or banks that we deem necessary to collect the funds.

- No later than 12:00 PM Central Standard Time, USA, on Tuesday, April 20, 2010, you must produce an accounting (with supporting details) on the earnings the account(s) has generated.

- No later than 5:00 PM Central Standard Time, USA, on Wednesday, April 21, 2010, we must receive in our trust account the sum of $28,753,000. Wire instructions are attached.

Should you fail to meet these demands, Del Campo will seek the immediate creation of a judicially ordered constructive trust for all of the Funds, as well as any other legal actions as may be determined and will hold you and any person or entity assisting you responsible for compensatory damages, pre-judgment interest on the amount owed, punitive damages, and all collection costs. If you need any other documents to carry out these actions, please let us know.

QB\9912391.7

Mr. Edward O'Neill
April 15, 2010
Page 4

    Govern yourself accordingly. Delay at your peril. Ed, we prefer to work with you but will need to take legal action if you continue to withhold information.

                                        Very truly yours,

                                        QUARLES & BRADY LLP

                                        Walter J. Skipper

WJS:lab
cc:    Ms. Lisa Del Campo
        Mr. Desmond Doherty
        Mr. Carlos Jesus Navarro

QB\9912391.7